IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TEXIENNE ONCOLOGY CENTERS, P.L.L.C AND TEXIENNE HOSPITAL SYSTEMS, L.P. § § § § Plaintiff, § § v. § § UNITEDHEALTHCARE INSURANCE COMPANY; UNITEDHEALTHCARE OF TEXAS, INC.; UNITEDHEALTHCARE BENEFITS OF TEXAS, INC.; AND UNITEDHEALTHCARE COMMUNITY PLAN OF TEXAS, LLC., § § § § § § § § § § Defendant. § | CIVIL ACTION NO. 4:20-CV-01100 JURY TRIAL DEMANDED |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs file this First Amended Complaint and respectfully show the Court as follows:

### PARTIES

1. Plaintiff Texienne Oncology Centers, P.L.L.C. f/k/a Greater Houston Physicians Medical Association, P.L.L.C. ("GHPMA") is a Texas professional limited liability company.

2. Plaintiff Texienne Hospital Systems, L.P. f/k/a Apollo Hospital Systems, L.P. ("Apollo Hospital") is a Texas limited partnership.

3. Plaintiff Enzo Medical Services, L.P. ("Enzo") is a Texas limited partnership.

4. Defendant UnitedHealthcare Insurance Company is a Connecticut corporation with its principal place of business at 185 Asylum St., Hartford, Connecticut 06103. It does not maintain an agent in the State of Texas for the service of process and therefore may be served via the Texas

Secretary of State, with service forwarded to 185 Asylum St., Hartford, Connecticut 06103. UnitedHealthcare Insurance Company has been properly served and has appeared in this case.

5. Defendant UnitedHealthcare of Texas, Inc. is a Texas corporation with its principal place of business at 185 Asylum St., CT039-04B, Hartford, Connecticut 06103. It may be served through its Registered Agent for Service: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. UnitedHealthcare of Texas, Inc. has been properly served and has appeared in this case.

6. Defendant UnitedHealthcare Benefits of Texas, Inc. (f/k/a PacifiCare of Texas, Inc. is a Texas corporation with its principal place of business at 3100 AMS Blvd., Green Bay, Wisconsin 54313. It may be served through its Registered Agent for Service: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. UnitedHealthcare Benefits of Texas, Inc. has been properly served and has appeared in this case.

7. Defendant UnitedHealthcare Community Plan of Texas, LLC (f/k/a Evercare of Texas, LLC) is a Texas limited liability company with its principal place of business at 185 Asylum St., Hartford, Connecticut 06103. It may be served through its Registered Agent for Service: CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201. UnitedHealthcare Community Plan of Texas, LLC has been properly served and has appeared in this case.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter under 28 U.S.C. § 1331 because, according to Defendants' Notice of Removal (Dkt. No. 1), at least some of the claims at issue are completely preempted by ERISA, which is a law of the United States. This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367 because those claims form part of the same case or controversy.

9.      This Court has general and specific personal jurisdiction over UnitedHealthcare of Texas, Inc., UnitedHealthcare Benefits of Texas, Inc., and UnitedHealthcare Community Plan of Texas, LLC because they reside in Texas and over UnitedHealthcare Insurance Company because it has sufficient minimum contacts with Texas and because the events and occurrences that are the subject of this lawsuit occurred in Texas. In addition, Defendants have not contested personal jurisdiction in either this action or the state action.

10.     Venue is proper under 28 U.S.C. § 1441 because the United States District Court for the Southern District of Texas, Houston Division is the district and division in which the underlying state action was pending. Venue is also proper under 28 U.S.C. § 1391(b)(2) because this District is the location in which a substantial part of the events or omissions giving rise to the claims occurred.

**FACTS**

11.     Apollo Hospital was a small, full-service hospital located in The Woodlands, Texas. GHPMA was a large physician group practice with numerous offices across the north Houston area.

12.     On or around March 2014, Apollo Hospital entered into a Facility Participation Agreement with UnitedHealthcare for the provision of hospital medical services to UnitedHealthcare's insureds ("the Apollo Agreement"). In exchange for Apollo Hospital's medical services, UnitedHealthcare agreed to compensate Apollo Hospital at specific rates set forth in the Apollo Agreement.

13.     Similarly, on or around May of 2009, GHPMA entered into a Medical Group Participation Agreement with UnitedHealthcare for the provision of covered medical services to UnitedHealthcare insureds with the effective date of May 15, 2009 ("the GHPMA agreement").

In exchange for GHPMA's provision of covered medical services, UnitedHealthcare agreed to compensate GHPMA at specific rates set forth in the GHPMA Agreement.

14. Both Apollo and GHPMA fully complied with their obligations under the Agreements and timely submitted clean claims for reimbursement to UnitedHealthcare. However, UnitedHealthcare has failed to pay Apollo Hospital and GHPMA for clean claims in excess of $4 million.

15. Enzo was an ambulatory surgery center ("ASC") located near The Woodlands, Texas.

16. Like many other ASC's, Enzo often treated patients for whom Enzo was considered an "out-of-network" provider. This meant Enzo had no provider agreement with the patient's insurance company. However, Enzo's patients executed "assignments of benefits" at the outset of their treatment, entitling Enzo to payment under its patients' insurance policies.

17. Between at least 2015 and 2016, Enzo provided medical treatment to hundreds of patients insured by UnitedHealthcare, for which Enzo sought reimbursement. UnitedHealthcare, however, has failed to pay Enzo for clean claims in excess of $1 million.

18. Counsel for Defendants have been served with a list of the claims—both in-network and out-of-network—asserted in this suit.

## CLAIM I

## BREACH OF CONTRACT

19. Plaintiffs incorporate paragraphs 1-18, as if fully set forth herein.

20. UnitedHealthcare was contractually obligated to pay Apollo Hospital and GHPMA the rates set forth in the contracts for the provision of covered healthcare services.

21. UnitedHealthcare was contractually obligated to pay Enzo for the covered, out-of-network health services provided by Enzo to UnitedHealthcare's insureds.

22. UnitedHealthcare breached its contractual obligations by improperly denying or underpaying Plaintiffs' "clean claims" for covered medical services.

23. Each of the unlawful acts alleged above has proximately caused damages to Plaintiffs. They are suffered and will continue to suffer in the future, actual damages, direct and consequential, including without limitation lost profits.

24. All conditions precedent to Plaintiffs' recovery have been performed, have occurred, or have been excused.

25. Pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, Plaintiffs are entitled to their attorneys' fees in the prosecution of this matter.

## CLAIM II

### VIOLATIONS OF THE TEXAS INSURANCE CODE

26. Plaintiffs incorporate paragraphs 1-18, as if fully set forth herein.

27. UnitedHealthcare was also statutorily obligated pursuant to § 843.342 of the Texas Insurance Code to pay Plaintiffs for the submitted "clean claims" for covered medical services. those claims.

28. UnitedHealthcare breached its contractual obligations by improperly denying and underpaying Plaintiffs' "clean claims" for covered medical services.

29. Because UnitedHealthcare failed to timely pay Plaintiffs' claims, Plaintiffs are entitled to statutory penalties and interest under Texas Insurance Code § 843.336, *et seq*.

30. Pursuant to Tex. Ins. Code § 843.343, Plaintiffs are entitled to their attorneys' fees in the prosecution of this matter.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER

Plaintiffs pray that judgment be awarded in their favor and that the Court grants Plaintiffs the following from the Defendants:

- All actual damages suffered by Plaintiffs;
- Attorneys' fees for breach of contract;
- Costs of suit, pre-judgment and post judgment interest in the maximum amount allowed by law;
- Statutory damage, interest, costs, and attorneys' fees; and
- Any and all other relief Plaintiffs may be entitled to at law or in equity.

Dated: April 8, 2020

*/s/ Steven J. Mitby*
Steven J. Mitby
Texas Bar No. 24037123
S.D. Texas I.D. 33591
smitby@seilermitby.com
SEILER MITBY, PLLC
2700 Research Forest Drive, Suite 100
The Woodlands, Texas 77381
Telephone: (281) 419-7770
Facsimile: (281) 419-7791

ATTORNEY-IN-CHARGE FOR
PLAINTIFFS TEXIENNE ONCOLOGY
CENTERS, P.L.L.C., TEXIENNE
HOSPITAL SYSTEMS, L.P., AND ENZO
MEDICAL SERVICES, L.P.

OF COUNSEL FOR PLAINTIFFS:
Kenna M. Seiler
State Bar No. 13944250
Federal Bar No. 16468
kseiler@seilermitby.com
Michael D. Ellis

Texas Bar No. 24081586
Federal Bar No. 2311196
mellis@seilermitby.com
SEILER MITBY, PLLC
2700 Research Forest Drive, Suite 100
The Woodlands, Texas 77381
Telephone: (281) 419-7770
Facsimile: (281) 419-7791

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of April 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Steven J. Mitby*
Steven J. Mitby